State of Nebraska, appellee, v. Merle D. Carlson,
appellant.
406 N.W.2d 139
Filed May 22, 1987.   No. 86-996.

Paul W. Snyder of Van Steenberg, Brower, Chaloupka,
Mullin & Holyoke, P.C., for appellant.

Robert M. Spire, Attorney General, and Janie C.
Castaneda, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale,
Shanahan, and Grant, JJ.

Per Curiam.

Defendant was sentenced to concurrent terms of 5 years'
imprisonment following pleas of no contest to Class IV felony
charges of selling mortgaged property and causing a false entry
on the books of a financial institution. He appeals, contending
the sentences were excessive under the circumstances. We agree.

There is no question but that the defendant and his wife,
Patricia, misrepresented the existence of certain livestock,
which they mortgaged to two different financial institutions,
and sold some of the livestock they actually owned without
permission and without paying the entire proceeds to the
mortgage holders.

However, considering the facts that defendant had no prior
record, that this was not a crime of violence, and that his wife,
who was equally culpable, was sentenced to a term of
imprisonment of only 2 years, we believe defendant's sentence
was excessive. This court may reduce the sentence imposed by
the district court when the sentence is excessive. Neb. Rev. Stat.

§ 29-2308 (Reissue 1985).

The sentencing judge appeared to rely heavily upon the demands of the victims in this case that the punishment be severe. We realize that Neb. Rev. Stat. § 29-2261 (Reissue 1985) requires that the presentence investigation report include statements made by the victim of the crime, or, if not, that the probation officer preparing the report certify that contact was made with the victim and an offer made to accept such statements. A judge should take into account facts obtained from such source in imposing sentence, as he or she should consider all facts pertinent to sentencing, but a judge must not and cannot allow the judgments and conclusions of the victim to be substituted for those of the court in imposing sentence. To do so constitutes an abuse of discretion.

The judgment of the district court is modified to provide that the sentences imposed in this case be reduced to 2 years on each count, to run concurrently, and, as modified, is affirmed.

AFFIRMED AS MODIFIED.